Bruce D. Praet SBN 119430
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California  92705
(714) 953-5300  telephone
(714) 953-1143 facsimile
bpraet@aol.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA RADCHUCK, et al. | No. 2:11-CV-00486-JAM-CKD |
| Plaintiffs, | |
| vs. | **ORDER re DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| CITY OF CITRUS HEIGHTS, et al., | |
| Defendants. | |
| CITY OF CITRUS HEIGHTS, JEREMY HATCHELL and NANCY WIEGEL, | |
| Counter-Claimants | |
| vs. | |
| MARINA RADCHUCK, ESTATE OF BARYS RADCHUCK, and DOES 1-10, inclusive, | |
| Counter-Defendants | |

The Motion for Summary Judgment by Defendants was heard on November 7, 2012, by the Honorable John A. Mendez.  The issues having been duly considered and a decision having been duly rendered:

///

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The following Causes of Action are dismissed with prejudice by stipulation of the parties:

    a. Second Cause of Action - Violation of the Fourth Amendment of the United States Constitution brought pursuant to 42 U.S.C. § 1983 alleging that the decedent, Barys Radchuck was unlawfully seized (detained) by Defendant Officers Jeremy Hatchell and Nancy Wiegel.

    b. Third Cause of Action - Violation of the Fourth Amendment of the United States Constitution brought pursuant to 42 U.S.C. § 1983 alleging that the decedent, Barys Radchuck was unlawfully seized (arrested) by Defendant Officers Jeremy Hatchell and Nancy Wiegel.

    c. Sixth Cause of Action - An allegation that the Defendants conspired to violated the decedent's, Barys Radchuck's, Civil Rights brought pursuant to 42 U.S.C. § 1985.

    d. Eighth Cause of Action - Violation of the First, Fourth and Fourteenth Amendments to the United States Constitution brought pursuant to 42 U.S.C. § 1983 alleging that the Defendants deprived the Plaintiffs to this action their right to a family relationship with the decedent, Barys Radchuck, by the use of unreasonable and unjustified force.

    e. Tenth Cause of Action - An allegation that the Defendants caused the decedent, Barys Radchuck to ensure great conscious pain and suffering brought pursuant to 42 U.S.C. § 1983 as a 'Survival Action'.

    f. Thirteenth Cause of Action - Violation of the decedent's, Barys Radchuck's statutory rights brought pursuant to <u>California Civil Code</u> §§ 51, et seq.

2. The Plaintiffs' decedent, Barys Radchuck, was provided with adequate medical care and, therefore, the Plaintiffs' Fifth Cause of Action alleging that the Defendants were deliberately indifferent to the decedent's medical needs brought

pursuant to 42 U.S.C. § 1983 is hereby dismissed with prejudice.

  3. The Plaintiffs allege that the Defendants used constitutionally unreasonable force against the decedent, Barys Radchuck, in four separate causes of action, which are: First Cause of Action (Free from unreasonable seizures and searches brought pursuant to 42 U.S.C. § 1983); Fourth Cause of Action (Free from excessive/deadly force brought pursuant to 42 U.S.C. § 1983); Seventh Cause of Action (Wrongful Death brought pursuant to 42 U.S.C. § 1983); and Fifteenth Cause of Action (State of California common law tort actions for assault and battery).

   a. The Court finds that these allegations raised by the Plaintiffs involve three separate legal theories as described below:

    (1) <u>Whether the Officers Had Sufficient Back Up</u>: The Court finds that it is factually undisputed that Defendant Officers Jeremy Hatchell and Nancy Wiegel approached a visibly injured man, the decedent, Barys Radchuck, in an outdoor environment with their weapons initially holstered. The Court finds that this did not create a situation similar to that in *Alexander v. City and County of San Francisco*, 29 F.3d 1355 (9th Cir. 1994), in that the officers did not approach Mr. Radchuck with their weapons drawn and that they were not entering into his apartment or home. Conversely, Plaintiffs were not able to offer any legal authority to support this theory of liability. Accordingly, this theory is dismissed with prejudice.

    (2) <u>Whether Officer Nancy Wiegel's Use of the Taser Was Reasonable</u>: Although Officers Wiegel and Hatchell testified that it was not until after Mr. Radchuck took an aggressive step towards Officer Wiegel that she deployed her Electronic Control Device (also referred to as a "Taser"), Plaintiff Marina Radchuck testified during her deposition that Mr. Radchuck was in the process of retreating from the officers and that he never took an aggressive step towards Officer Wiegel before she deployed her Taser. Because the Court takes

the facts most favorable to the Plaintiffs, this Court cannot conclude that Officer Wiegel's use of the Taser was constitutionally reasonable force based upon the recent Ninth Circuit cases of *Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2010) and *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. 2011) (en banc), *cert. denied*, 132 S.Ct. 2681 (2012). Accordingly, the Court denies the Defendants' request to dismiss this theory of unconstitutional use of force.

(3) <u>Whether Officer Hatchell's Use of his Firearm Was Reasonable</u>: The Court finds that Officer Hatchell's use of his firearm was constitutionally reasonable and relies, in part, on the decision of *Brosseau v. Haugen*, 543 U.S. 194 (2004) in reaching that conclusion. Accordingly, this theory is dismissed with prejudice.

b. Because all causes of action against Officer Hatchell alleging individual liability have been dismissed, the Court hereby dismisses with prejudice Defendant Officer Jeremy Hatchell as a Defendant from this action; however, this dismissal does not, in any way, hinder or impair Officer Hatchell's ability to pursue his counter-claims against Plaintiffs or Plaintiffs' decedent's estate.

4. Defendants assert that, although this Court cannot find that Officer Wiegel's use of the Taser was constitutionally reasonable that she is, nevertheless, entitled to qualified immunity. However, because the *Bryan, supra,* case was decided three (3) months prior to the incident giving rise to the litigation in this present matter, the Court finds that the law was clearly established. Accordingly, the Court denies without prejudice the Defendants' assertion that qualified immunity applies in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

5. Defendants assert that the Plaintiffs' Ninth Cause of Action, a *Monell* allegation brought pursuant to 42 U.S.C. § 1983 fails because any of the causes of action alleging individual misconduct against the Defendant-Officers are, in fact, constitutional. Because the Court has found that there is a triable issue of fact regarding the reasonableness of Officer Wiegel's use of the Taser, the Court denies without prejudice this request. However, the Court cautions that this issue will be re-visited at the Pretrial Conference to determine if there is, in fact, any policy, procedure, pattern or custom to support this allegation at all.

6. As to the remaining causes of action brought pursuant to State of California statutory or common law and not already dismissed as indicated above, the Court finds that the scope of these claims brought for intentional infliction of emotional distress, assault and/or battery are limited only to Officer Wiegel's use of the Taser. The Court hereby adopts the same rationale as described in paragraph 3.a. above, which is in accordance with, among other authorities, *Brown v. Ransweiler* (2009) 171 Cal.App.4th 516.

WHEREFORE, it is hereby ORDERED that:

1. Officer Jeremy Hatchell is hereby dismissed with prejudice from this entire action as a Defendant; however, this does not impair his ability to pursue his counter-claims;

2. Officer Nancy Wiegel is dismissed with prejudice from this action with the sole exception of her use of the Taser as alleged in the First, Fourth, Seventh, Eleventh, Fourteenth and Fifteenth Causes of Action;

3. Officer Jeremy Hatchell's use of his firearm is found to be constitutionally reasonable;

4. The Fifth Cause of Action (failure to provide adequate medical care) is dismissed with prejudice against all defendants;

5. The Defendants' request to dismiss the Ninth Cause of Action (*Monell*) is denied without prejudice;

6. The Plaintiffs may maintain their Twelfth Cause of Action (California's Bane Act) against the City of Citrus Heights only and, as to all remaining Defendants, this Cause of Action is dismissed with prejudice.

Dated: November 13, 2012

/s/ John A. Mendez
Honorable John A. Mendez
United States District Court Judge